PER CURIAM:
Claimants brought this action for vehicle damage which occurred when the edge of the road broke underneath their 1989 F ord F150 truck as claimant, Harold Larry Carte Jr., was driving on Valley Grove Road in Kanawha County. Valley Grove Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on April 10,2008. Valley Grove Road is a paved, one-lane road at the area of the incident involved in this claim. Mr. Carte was driving to his uncle’s house at approximately five or ten miles per hour when he noticed a coal truck traveling in the opposite direction. As he maneuvered his vehicle to the edge of the road to provide room for the coal truck, the road underneath his vehicle broke away, causing his vehicle to fall into a ditch on the side of the road. The portion of road that broke off was approximately five feet long and two feet wide. The ditch was approximately three feet deep. As a result of this incident, claimants’ truck sustained body damage to the passenger’s side of the vehicle. Claimants submitted an estimate for repairs in the amount of $1,957.80, and claimants’ insurance declaration sheet indicates that they had liability insurance only. The Blue Book value of a 1989 Ford F150 in “excellent” condition is $1,100.00.
The position of respondent is that it did not have actual or constructive notice of the condition on Valley Grove Road. David Fisher, Highway Administrator for respondent in Kanawha County, testified that Valley Grove Road is a third priority road in terms of its maintenance. He stated that a nearby bridge can become blocked with trees and brush, causing the water to fill the ditch line. Mr. Fisher stated that he had not received complaints regarding the condition on the edge of the road prior to this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the condition on Valley Grove Road. Respondent could reasonably expect that the water at this particular area could erode the edge of the road, creating a hazard for vehicles that potentially could fall into the ditch line at this location. Since the cost of performing repairs would be greater than the Blue Book value of the vehicle, the Court has determined that the Blue Book value in the amount of $1,100.00 is a fair and reasonable amount of compensation for this incident. Thus, the Court finds respondent negligent, and claimants may make a recovery for the damage to their vehicle.
*220 In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $1,100.00.
Award of $1,100.00.